UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAIGE ALEXANDER BRAUN, | ) | Case No. 1:20-cv-00374 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Plaintiff Paige Alexander Braun applied for disability insurance benefits and supplemental social security income. The Commissioner denied her applications, both initially and after reconsideration. Plaintiff requested a hearing, after which the administrative law judge also denied her applications. She appealed but the appellate council declined review, rendering final the Commissioner's denial. Plaintiff then sought review in federal court. The Magistrate Judge recommends affirming the Commissioner's decision, and Plaintiff objects to that recommendation.

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections (ECF No. 19), **ADOPTS** the Report and Recommendation (ECF No. 18), and **AFFIRMS** the Commissioner's denial of Plaintiff's applications.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2016, Ms. Braun applied for supplemental social security income. (ECF No. 10, PageID #250.) In April 2018, Ms. Braun applied for disability insurance

benefits. (*Id.*, PageID #264.) In both applications, Ms. Braun alleged a disability onset date of November 18, 1995, the date of her birth. (*Id.*, PageID #250 & #264.) Mr. Braun alleged disability due to a learning disability and low IQ, autism, bipolar disorder, social disorder, and attention deficit hyperactivity disorder. (*Id.*, PageID #300.) The Commissioner denied her applications initially and on reconsideration. (*Id.*, PageID #153 & #159.) Plaintiff requested a hearing before an administrative law judge, who also denied her applications. (*Id.*, PageID #77 & #161.)

### A. Administrative Law Judge's Decision

After hearing testimony from Ms. Braun and a vocational expert and considering the evidence presented, an administrative law judge issued a written decision denying Ms. Braun's applications. (*Id.*, PageID #80–91). In that decision, the ALJ outlined and conducted the customary five-step inquiry to determine whether Ms. Braun was disabled under Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (*Id.*)

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of November 18, 1995. (*Id.*, PageID #83). At step two, the ALJ found that Ms. Braun had the following severe impairments: "other bipolar disorder, unspecified disruptive, impulse control and conduct disorder, borderline intellectual function, specific learning disability and attention deficit hyperactivity disorder." (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, app. L (20 C.F.R. 404.1520(d), 404.1525, 404,1526, 416.920(d), 416.925 and 416.926). (*Id.*)

As to step four, the ALJ found that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with the following limitations:

> The claimant is limited to the performance of simple, routine, repetitive tasks, undertaken in a work setting free of production rate pace [as is found in assembly line work], which setting requires no interaction with the public and no more than occasional interaction with co-workers or supervisors, which setting is routine, in that it contemplates few changes in workplace tasks or duties.

(*Id.*, PageID #85.)

Finally, at step five, the ALJ found that Ms. Braun had no past relevant work. (*Id.*, PageID #89.) However, the ALJ determined that Ms. Braun can perform other jobs that exist in significant numbers in that national economy given her age, education, work experience, and residual functional capacity. (*Id.*, PageID #90.) Therefore, the ALJ found that Ms. Braun was not disabled and denied her applications. (*Id.*, PageID #90–91.) The Appeals Council declined further review, rendering the ALJ's decision final on December 27, 2019. (*Id.*, PageID #66.)

### B. Relevant Evidence

In addition to other evidence in the record, including medical evidence and Ms. Braun's testimony, the ALJ considered several medical opinions. (*Id.*, PageID #87–89.) The medical opinions relevant to Plaintiff's objections are those of Drs. Terence Witham, Joshua Magleby, Aracelis Rivera, and Leslie Rudy. Also

relevant to Plaintiff's objections are her employment records from the State agency Opportunities for Ohioans with Disabilities.

### B.1. Dr. Terence Witham

On September 14, 2015, Dr. Witham, M.D., Ms. Braun's treating psychiatrist, completed an emotional capacities evaluation form. (*Id.*, PageID #492.) On the form, Dr. Witham had to indicate whether Ms. Braun's diagnosed conditions had "some" or "significant" impact on her abilities in work-related areas including understanding and memory, sustained concentration and persistence, social interaction, and adaptation. (*Id.*) Dr. Witham circled that Ms. Braun's conditions had "significant" impact on twelve of the listed abilities and "some" impact on five. (*Id.*)

The ALJ declined to give controlling weight to Dr. Witham's opinion because Dr. Witham did not define or elaborate on "significant" impact. (*Id.*, PageID #88.) Further, the ALJ found that Dr. Witham's opinion was not entirely consistent with his treatment notes, in which Dr. Witham consistently described Ms. Braun as engaged and having intact memory function. (*See, e.g.*, *id.*, PageID #606.) The ALJ gave partial weight to Dr. Witham's opinion because it was partially consistent with and supported by the record evidence. (*Id.*, PageID #88.)

### B.2. Dr. Joshua Magleby

On December 30, 2016, consulting neuropsychologist Dr. Magleby, Ph.D., examined Ms. Braun. (*Id.*, PageID #533.) Dr. Magleby opined that Ms. Braun's abilities to withstand work-related mental stress and pressures, to socially relate to coworkers, and to follow complex instructions were "somewhat impaired." (*Id.*,

4

PageID #539.) However, her abilities to follow simple instructions, to maintain attention and concentration, to perform simple repetitive tasks were "fairly average." (*Id.*) Further, Dr. Magleby found that Ms. Braun's memory and comprehension were "fairly average." (*Id.*)

The ALJ gave Dr. Magleby's opinion partial weight because it was at least partially consistent with and supported by the record evidence. (*Id.*, PageID #89.) The ALJ discounted Dr. Magleby's opinion because it was vague as to the specific degree of her work-related limitations. (*Id.*)

### B.3. Dr. Aracelis Rivera & Dr. Leslie Rudy

State agency reviewing psychologists, Dr. Aracelis Rivera, Psy.D., and Dr. Leslie Rudy, Ph.D., assessed Ms. Braun's mental residual functional capacity. (*Id.*, PageID #134–36, #147–49.) Both Dr. Rivera and Dr. Rudy opined that Ms. Braun was "moderately limited" in her abilities to follow detailed instructions, maintain attention and concentration, interact with the public or coworkers, and respond appropriately to changes in the workplace. (*Id.*, PageID #135–36 & #148–49.) Further, they opined that Ms. Braun was able to carry out one- to three-step tasks and adapt to occasional changes in a relatively static setting without demands for fast pace or high production. (*Id.*) Dr. Rivera and Dr. Rudy found that Ms. Braun was not significantly limited in her ability to maintain socially appropriate behavior. (*Id.*, PageID #135–36 & #148.)

The ALJ gave Dr. Rivera's and Dr. Rudy's opinions considerable weight because they were largely consistent with and supported by the record evidence. (*Id.*,

5

PageID #88.) However, the ALJ determined that the opinions overstated to a slight degree Ms. Braun's residual capacity for social interaction. (*Id.*)

### B.4. Opportunities for Ohioans with Disabilities

Ms. Braun participated in vocational rehabilitation with the State agency Opportunities for Ohioans with Disabilities. Records from the agency reflect that Ms. Braun worked at a restaurant from December 12, 2017 until December 29, 2017, when she asked to be reassigned due to a reduction in her weekly hours. (*Id.*, PageID #416.) Later, on January 9, 2018, Ms. Braun began working at an animal hospital. (*Id.*, PageID #423.) On January 18, 2018, the tracking record indicates that Ms. Braun was "doing just fine." (*Id.*, PageID #423). Twice, the employer indicated that it was willing to provide Ms. Braun more hours over spring break. (*Id.*, PageID #424–25.) On March 9, 2018, Ms. Braun quit. (*Id.*, PageID #426.) On March 19, 2018, the agency reached out to Ms. Braun regarding a new placement but was told that Ms. Braun was "on vacation." (*Id.*, PageID #426.) On May 8, 2018, the agency notified Ms. Braun that it was closing her case because of her inability to make progress. (ECF No. 10, PageID #398.) The ALJ considered these records, noting that Ms. Braun "did change jobs several times, but in order to secure more hours, not because of any difficulties with others." (*Id.*, PageID #88.)

### C. Report and Recommendation

Ms. Braun timely filed this action, seeking judicial review under 42 U.S.C. § 405(g). (ECF No. 1.) The Magistrate Judge issued a report and recommendation that the Court affirm the ALJ's decision denying Ms. Braun's applications. (ECF

6

No. 18.) Plaintiff raised several issues to the Magistrate Judge, but the Court limits its discussion of the report and recommendation to the issues to which Plaintiff now objects. *See* 28 U.S.C. 28 U.S.C. § 636(b). In the Court's view, Plaintiff's objections fall into two categories: first, whether the ALJ properly evaluated and weighed the opinion evidence (ECF No. 19, PageID #731–32); and second, whether substantial evidence supports the ALJ's finding of residual functional capacity (*id.*, PageID #733–34).

With respect to the first issue, the Magistrate Judge first considered Dr. Witham's opinion. Because Dr. Witham was Ms. Braun's treating physician and the treating source rule applied, the Magistrate Judge described the requirements for evaluating a treating source opinion. (ECF No. 18, PageID #700.) Namely, the treating source opinion must be given "controlling weight" if the opinion is well supported by medical evidence and is not inconsistent with other substantial evidence. (*Id.*) If a treating source opinion is inconsistent with other substantial evidence, the opinion is still entitled to deference and must be weighed based on the length, frequency, nature, and extent of the treatment relationship, as well as the degree to which it is consistent with and supported by other relevant evidence. (*Id.*, PageID #701.) If the ALJ determines a treating source opinion is not entitled to controlling weight, the ALJ must give "good reasons" for discounting it. (*Id.*)

The Magistrate Judge determined that the ALJ did not err by giving Dr. Witham's opinion less than controlling weight. (*Id.*, PageID #702.) The Magistrate Judge noted that while Dr. Witham indicated Ms. Braun's conditions

7

would "significantly" impact several activities, Dr. Witham did not include any explanation nor did the form define the levels of impact. (*Id.*) Further, neither Dr. Witham's treatment notes nor the remainder of the record supported Dr. Witham's opinion that Ms. Braun had significant limitations. (*Id.*, PageID #703.) Additionally, the Magistrate Judge determined that the ALJ gave "good reasons" for giving Dr. Witham's opinion partial weight because the ALJ supported it with specific evidence in the record. (*Id.*, PageID #705.)

Next, the Magistrate Judge considered Dr. Magleby's opinion. The Magistrate Judge determined that the ALJ gave Dr. Magleby's opinion proper consideration and accorded it proper weight supported by substantial evidence. (*Id.*, PageID #708.) The ALJ provided a meaningful explanation regarding her assignment of partial weight to Dr. Magleby's opinion, touching on several of the factors to be considered in deciding the weight given to a non-treating source medical opinion. (*Id.*) Further, the Magistrate Judge agreed with the ALJ that Dr. Magleby's opinion was vague and did not contain specific limitations relating to Ms. Braun's social abilities. (*Id.*)

Finally, the Magistrate Judge considered Dr. Rivera's and Dr. Rudy's opinions. Noting that Plaintiff did not object to the weight the ALJ assigned to their opinions, the Magistrate Judge addressed Plaintiff's argument that the ALJ erred by disregarding certain notations contained in their opinions. (*Id.*. PageID #708–09.) The Magistrate Judge found that the notations were not Dr. Rivera's or Dr. Rudy's observations but rather their restatement of reports from Ms. Braun's parents. (*Id.*, PageID #709.) Further, the ALJ specifically addressed the notations. (*Id.*)

8

Accordingly, there was no error on this point. (*Id.*, PageID #710.) In addition, the Magistrate Judge determined that the ALJ did not err in giving more weight to the State agency consultants' opinions than to Dr. Witham's and Dr. Magleby's because the ALJ's weighing of each was supported by substantial evidence. (*Id.*, PageID #711.)

With respect to the second issue, the Magistrate Judge determined that substantial evidence supported the ALJ's finding of Ms. Braun's residual functional capacity. (*Id.*, PageID #721.) Plaintiff argued that the records from Opportunities for Ohioans with Disabilities supported additional limitations requiring an isolated work environment and redirection or retraining through the workday. (*Id.*, PageID #719.) However, the Magistrate Judge agreed with the ALJ that the agency's records did not support these limitations. (*Id.*) Rather, these records supported the ALJ's determination that Ms. Braun's frequent job changes arose from her desire to work more hours, rather than from difficulties working. (*Id.*, PageID #721.) Further, Plaintiff argued that the ALJ failed to include in the residual functional capacity a limitation of an off-task percentage of twenty percent or more of the workday. (*Id.*, PageID #719.) But Plaintiff failed to cite any evidence in support of such a limitation. (*Id.*, PageID #721.) Finally, the Magistrate Judge noted that the ALJ had properly weighed the medical opinions, as previously determined. (*Id.*)

D. **Plaintiff's Objections**

Plaintiff raises various objections to the Report and Recommendation, which the Court groups under two headings. (EFC No. 19., PageID #731-32). First, Plaintiff

9

objects that the ALJ erred in failing to give controlling weight to Dr. Witham's opinion and significant weight to Dr. Magleby's opinion. (*Id*, PageID #731–32). Second, Plaintiff objects that the ALJ failed to include all her limitations in the finding of residual functional capacity. (*Id.*)

## ANALYSIS

The Court reviews de novo portions of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "De novo review requires the Court to re-examine the relevant evidence a magistrate judge reviewed to determine whether to accept, reject, or modify the report and recommendation." *Scott v. Saul*, No. 1:19-cv-2393, 2021 U.S. Dist. LEXIS 92052, at *12-13 (N.D. Ohio May 14, 2021); *see* 28 U.S.C. 636(b).

Where a party objects, review is limited to determine whether substantial evidence in the record supports the Commissioner's decision to reviewing any legal errors. *Wright v. Massanari*, 321 F.3d 611, 614–15 (6th 2003). "Substantial evidence" is more than a scintilla, but less than a preponderance. *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. If substantial evidence supports the Commissioner's findings, the Court accepts them

as conclusive, even if it would have reached a different outcome on the same facts. 42 U.S.C. § 405(g)

## I. Consideration of Medical Opinions

Plaintiff objects that the ALJ erred by failing to give controlling weight to Dr. Witham's opinion and significant weight to Dr. Magleby's opinion. (ECF No. 19, PageID #731–32.)

### I.A. Dr. Witham

Dr. Witham was Ms. Braun's treating psychiatrist. The regulations in place at the time Ms. Braun filed her first application required the ALJ to give a treating physician's opinion "controlling weight," unless the opinion was not "supported by medically acceptable clinical and laboratory diagnostic techniques" or inconsistent with the other medical evidence in the record. *Gayheart v. Commissioner of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). If the ALJ does not give a treating source opinion controlling weight, the ALJ must weigh the opinion based on the length and frequency of treatment, the supportability of the opinion, the consistency of the opinion with the record as a whole, and whether the treating physician is a specialist. *Id*. Further, the ALJ must articulate "good reasons" for discounting the opinion. *Id*.

Plaintiff contends that the ALJ failed to articulate "good reasons" for discounting Dr. Witham's opinion. (ECF No. 19, PageID #731.) First, Plaintiff objects the ALJ's determination that Dr Witham's treatment notes do not support Dr. Witham's opinion, pointing out that Dr. Witham's records reflect that, although Ms. Braun had "intact memory function and a good fund of knowledge," she also had

11

"constricted mood, constricted and irritable affect, and impaired impulse control, insight, and judgment." (*Id.*) Though some of Dr. Witham's treatment notes might support his opinion about Ms. Braun's limitations, the Court determines that the ALJ did not err in finding that other treatment notes were inconsistent with Dr. Witham's opinion. Nor did the ALJ err in offering that inconsistency as a reason for discounting Dr. Witham's opinion.

Second, Plaintiff argues that the ALJ failed to identify the specific inconsistencies between Dr. Witham's opinion and the medical evidence. But the ALJ did not discount Dr. Witham's opinion because of inconsistency with the medical evidence. Rather, the ALJ gave partial weight to Dr. Witham's opinion because it was "partially consistent with, and supported by, the overall evidence of record." (ECF No. 10, PageID #88.) In making this determination, the ALJ referenced her detailed summary of the medical evidence, supported with record citations, in the prior paragraph. (*Id.*) Accordingly, the Court determines that the ALJ gave good reasons for giving Dr. Witham's opinion partial weight.

### I.B. Dr. Magleby

Plaintiff contends that the ALJ erred by failing to give significant weight to Dr. Magleby's opinion. (ECF No. 19, PageID #732.) Specifically, Plaintiff argues that the ALJ erred by giving more weight to the opinions of the State agency reviewing psychologists than to Dr. Magleby, an examining medical source. As the Magistrate Judge explained, however, the ALJ's decision to accord greater weight to State agency consultants than to an examining source was not, by itself, error. (*See* ECF No. 18, PageID #710–11.) Rather, "[i]n appropriate circumstances, opinions from State

agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." Soc. Sec. Rul. 96–6p, 1996 WL 374180, at *3 (July 2, 1996); *Blakley v. Commissioner of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009).

Plaintiff does not develop any argument as to whether, in this case, the ALJ erred in according greater weight to the State agency reviewing psychologists' opinion than to Dr. Magleby's opinion. Nor does Plaintiff explain how *Gayheart* applies, if at all. The Court adopts the Magistrate Judge's determination that the ALJ gave Dr. Magleby's opinion proper consideration and accorded it proper weight supported by substantial evidence. (ECF No. 18, PageID #708.) Further, the Court adopts the Magistrate Judge's determination that the ALJ gave the State agency reviewing psychologists' opinions proper consideration and accorded them proper weight supported by substantial evidence. (*Id.*, PageID #710.) Accordingly, the Court determines that the ALJ did not err by giving greater weight to the State agency reviewing psychologists' opinions than to Dr. Magleby's opinion.

## II.     Residual Functional Capacity

Plaintiff objects that the ALJ erred by failing to include additional psychological limitations in her determination of Ms. Braun's residual functional capacity. (ECF No. 19, PageID #733.) Plaintiff asserts that she has "problems working and getting along with supervisors," pointing to the records from Opportunities for Ohioans with Disabilities as supporting evidence. (*Id.*) Plaintiff also points out that she was under a legal guardianship. (*Id.*) Generally, Plaintiff

13

asserts that the record evidence, including the agency records and Dr. Magleby's opinion, is "indicative of more than moderate limitations." (*Id.*)

Both the ALJ and the Magistrate Judge extensively reviewed the record evidence, including the agency records and Dr. Magleby's opinion, the specific evidence to which Plaintiff points in her objection. (ECF No. 10, PageID #85–89; ECF No. 18, PageID #705–08 & #718–21.) As to Ms. Braun's legal guardianship, the ALJ directly addressed the guardianship and provided it as a reason for finding that Ms. Braun had a moderate limitation relating to adapting or managing herself. (ECF No. 10, PageID #84.) Plaintiff fails to allege a specific objection to either the ALJ's or the Magistrate Judge's analysis. A "non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in duplication of effort on the part of the district court." *Joseph v. Berryhill*, No. 3:16-cv-02259, 2017 WL 3736787, at *9 (N.D. Ohio Aug. 30, 2017). In any event, on the merits, the Court agrees that substantial evidence supports the ALJ's finding regarding Ms. Braun's residual functional capacity.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 19), **ADOPTS** the Report and Recommendation (EFC No. 18), and **AFFIRMS** the Commissioner's denial of disability insurance benefits and supplemental social security income. The Court **DIRECTS** the Clerk to enter judgement accordingly.

**SO ORDERED.**

Dated: March 28, 2022

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio